IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel R. McClain, ) | C/A No. 0:15-4516-MBS-PJG |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Mr. Lefford Fate, *Med. Director*; Samuel ) | |
| Soltis, *Assc. Dir.*; John B. Tomarchio, *Med.* ) | **REPORT AND RECOMMENDATION** |
| *Dir.*; Thomas Moore, *Med. Dir.*; John A. ) | |
| Davis, *Med. Dir.*; Anna Moak, *Healthcare* ) | |
| *Authority (HCA)*; Janice Phillips, *Admin.* ) | |
| *Coord.*; Linda Dunlap, *Admin. Coord.*; Angela ) | |
| Hardin, *ADA Corrd.*; Warden Ralph Cothran; ) | |
| Warden Nolan; Warden Roberts; Assc. ) | |
| Warden K. Sharp; Assc. Warden Bradshaw; ) | |
| Assc. Warden Dean; Dr. Way; Dr. Sharp; Dr. ) | |
| Bennett; Dr. McRee; Dr. Hughes; Dr. ) | |
| Hedgepath; Dr. Paul Drago; Dr. Steen; Dr. ) | |
| Beinor; Dr. Kay; Dr. McCray; Sally Blake, ) | |
| *Nurse Practitioner (N.P.)*; NP Salley; NP ) | |
| Olsen; NP Allen; NP Block; HCA Blackwell; ) | |
| HCA Huggins; HCA Pace; Warden Thomas; ) | |
| Dr. Babbs; HCA Sarver; Warden Colie ) | |
| Rushton; Warden Leroy Cartledge; Assc. ) | |
| Warden Kendell; Assc. Warden Lewis; ) | |
| Warden Padula; Dr. Pate; Dr. Kirby; Dr. ) | |
| Neville; Dr. McFadden; Dr. Blackwell; Dr. ) | |
| Black; HCA Hodge; Dr. Page; Dr. Woods; Dr. ) | |
| Ellison; Dr. Quesik; Warden White; Dr. ) | |
| Valpey; Dr. El Shamil; Dr. Michael Kirby; Dr. ) | |
| Herbot; Dr. Alewine; NP Greco; Dr. Langston; ) | |
| Dr. Leventis; NP Barbara McKellar; HCA ) | |
| Thomas Boswell; Dir. Holly R. Pisarik; Dir. ) | |
| Adrienne R. Youmans; Mark Dorman, *Asst.* ) | |
| *Dep. Dir.*; Althea B. Myers, *Inv.*; Dr. James W. ) | |
| Jarvis; Dr. Hanns Brings; Dr. Brennan; Dr. ) | |
| Lucky; Dr. Davis; Dir. Cathrine Templeton; ) | |
| Gloria Provost, *Director*; David Tatarsky, ) | |
| *General Counsel*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |



The plaintiff, Daniel R. McClain, a self-represented state prisoner, brings this civil rights action alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Plaintiff is an inmate at Turbeville Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed as to all defendants except Mr. Lefford Fate, Medical Director.

**I.    Factual and Procedural Background**

Plaintiff alleges that he is fifty-two years old and bedridden with multiple illnesses to include degenerative disc disease, high blood pressure, and diabetes. (ECF No. 1 at 6.) Plaintiff claims that he has been abandoned by medical staff and has informed Defendant Mr. Lefford Fate "and others" on several occasions about Plaintiff's illnesses, but has been ignored for over sixteen years. (Id.) Plaintiff further alleges that Defendant Dr. Paul Drago bullied and retaliated against Plaintiff in 2012, while he was a patient at the infirmary. (Id.) Plaintiff claims that he is being subjected to unconstitutional conditions of confinement and also complains of being: (1) prescribed over seventy different medications; (2) improperly diagnosed; (3) forced to take psychiatric medications; and (4) denied prescribed medications at times. (Id. at 6-8.) Plaintiff discusses incidents where he was mistreated or assaulted by other inmates and correctional officers. (Id. at 8-10.) Plaintiff seeks damages and injunctive relief. (Id. at 11.)

II. Discussion

    A.    **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S.

42, 48 (1988). In this action, Plaintiff states a potentially cognizable claim under § 1983 against Defendant Fate.[2] However, for the reasons discussed below, the court finds that Plaintiff fails to state a claim upon which relief may be granted as to any other named defendant.

### 1. Insufficient Factual Allegations—All defendants except Defendants Fate and Drago

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997) (holding that an official must be personally involved in the alleged deprivation before liability may be imposed). While the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-79; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Instead, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that a plaintiff must provide sufficient factual allegations to "nudg[e] [the] claims across the line from conceivable to plausible"). In the instant action, Plaintiff names what are alleged to be employees of the South Carolina Department of Corrections assigned to at least six different prisons, as well as employees of Gilliam Psychiatric Hospital, the South Carolina Board of Medical Examiners, Greenwood Memorial Hospital, Toumey Hospital, University Specialty

---

[2] Plaintiff failed to provide fully completed service documents for Defendant Fate. Thus, an order directing Plaintiff to bring this case into proper form has been issued contemporaneously with this Report and Recommendation.



Clinic, Palmetto Richland Memorial Hospital, the South Carolina Department of Health and Environmental Control, and the South Carolina Protection and Advocacy for People with Disabilities.³ (ECF No. 1 at 2-5.) Plaintiff further alleges a denial of medical care over a sixteen-year period. (Id. at 6.) However, Plaintiff's statement of claim does not specifically mention any defendant named in the caption or "parties" section of the Complaint, except for Defendants Fate and Drago, nor does Plaintiff assert that anyone other than those two defendants personally violated Plaintiff's constitutional rights. Accordingly, the court finds that Plaintiff provides insufficient factual allegations to state a cognizable claim under § 1983 against the following defendants: Samuel Soltis, *Assc. Dir.*; John B. Tomarchio, *Med. Dir.*; Thomas Moore, *Med. Dir.*; John A. Davis, *Med. Dir.*; Anna Moak, *Healthcare Authority (HCA)*; Janice Phillips, *Admin. Coord.*; Linda Dunlap, *Admin. Coord.*; Angela Hardin, *ADA Corrd.*; Warden Ralph Cothran; Warden Nolan; Warden Roberts; Assc. Warden K. Sharp; Assc. Warden Bradshaw; Assc. Warden Dean; Dr. Way; Dr. Sharp; Dr. Bennett; Dr. McRee; Dr. Hughes; Dr. Hedgepath; Dr. Steen; Dr. Beinor; Dr. Kay; Dr. McCray; Sally Blake, *Nurse Practitioner (N.P.)*; NP Salley; NP Olsen; NP Allen; NP Block; HCA Blackwell; HCA Huggins; HCA Pace; Warden Thomas; Dr. Babbs; HCA Sarver; Warden Colie Rushton; Warden Leroy Cartledge; Assc. Warden Kendell; Assc. Warden Lewis; Warden Padula; Dr. Pate; Dr. Kirby; Dr. Neville; Dr. McFadden; Dr. Blackwell; Dr. Black; HCA Hodge; Dr. Page; Dr. Woods; Dr. Ellison; Dr. Quesik; Warden White; Dr. Valpey; Dr. El Shamil; Dr. Michael Kirby; Dr. Herbot;

---

³ It is unclear from the Complaint whether the defendants employed by private hospitals are alleged to be state actors. To the extent that they are not state actors, the court notes that such defendants are improper defendants under § 1983 and would additionally be entitled to summary dismissal for that reason. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982) (holding that purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution); Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001).



Dr. Alewine; NP Greco; Dr. Langston; Dr. Leventis; NP Barbara McKellar; HCA Thomas Boswell; Dir. Holly R. Pisarik; Dir. Adrienne R. Youmans; Mark Dorman, *Asst. Dep. Dir.*; Althea B. Myers, *Inv.*; Dr. James W. Jarvis; Dr. Hanns Brings; Dr. Brennan; Dr. Lucky; Dr. Davis; Dir. Cathrine Templeton; Gloria Provost, *Director*; and David Tatarsky, *General Counsel*.

### 2.     Failure to State a Cognizable § 1983 Claim—Defendant Drago

While Plaintiff provides specific allegations against Defendant Drago in the Complaint, his claims against this defendant do not rise to the level of a constitutional violation. First, to the extent Plaintiff claims that he was bullied by Defendant Drago in 2012, verbal abuse, without more, is insufficient to state a constitutional deprivation. See Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir. 2005) ("Mere threats or verbal abuse . . ., without more, do not state a cognizable claim under § 1983).[4]  Next, to state a plausible claim of retaliation, a plaintiff is required to allege that the "retaliatory act violate[d] some constitutional right of an inmate or constitute[d] punishment for the exercise of a constitutional right." Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996); see also Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).  In this case, Plaintiff's claim of retaliation against Defendant Drago is alleged in a conclusory fashion without any reference to such action violating a constitutional right or being taken as punishment for the exercise of any constitutional right. See Iqbal, 556 U.S. at 677-79; see also Al-Amin v. Bush, C/A No. 0:13-1176-BHH-PJG, 2015 WL 1414241, at *5 (D.S.C. Jan. 21, 2015) ("Bare or conclusory assertions of retaliation are insufficient

---

[4] To the extent Plaintiff alleges that Defendant Drago's bullying behavior resulted in Plaintiff being transferred to a non-handicapped and dirty cell, the court notes that Plaintiff provides no factual allegations to plausibly suggest that this defendant is responsible for Plaintiff's cell assignment and/or the conditions of such cells. See Iqbal, 556 U.S. at 677-79. The court further notes that Plaintiff fails to allege that this defendant denied Plaintiff any medical care.



to establish a retaliation claim."), adopted by 2015 WL 1400019 (D.S.C. Mar. 25, 2015).  Thus, Defendant Drago is also entitled to summary dismissal from this case.

### III.  Conclusion

Accordingly, the court recommends that Complaint be summarily dismissed without prejudice and without issuance and service of process as to all defendants in the case, except Defendant Fate.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 11, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).