IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mr. McClain, | ) | C/A No. 0:15-4516-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Dir. Fate, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Mr. McClain, a self-represented state prisoner, filed this action pursuant to 42

U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule

73.02(B)(2) (D.S.C.) for a Report and Recommendation on McClain's motion requesting a

preliminary injunction.[1] (ECF No. 29.) Having carefully reviewed the motion and the pleadings in

this case, the court finds that McClain's motion should be denied.

**DISCUSSION**

McClain filed the instant action in November 2015, which the court construed as purporting

to assert claims against Defendant Fate for deliberate indifference to McClain's medical needs in

violation of the Eighth Amendment, and a state law claim of medical malpractice. (See ECF No.

38 at 2.) In his motion for a preliminary injunction, McClain refers generally to unnamed "SCDOC

officials and staff," whom he alleges did not treat his medical illnesses, tested his physical and

mental limits, deprived him of adequate food and water, and, because of a staffing shortage,

---

[1] The court issued an order on October 3, 2016 directing service of McClain's Complaint as to Defendant Fate as well as service of McClain's motion for a preliminary injunction. (ECF No. 38.) By previous order issued January 14, 2016, the court dismissed the other defendants initially named in this matter. (ECF No. 15.) As of the date of this Report and Recommendation, McClain has appealed the January 14, 2016 order to the United States Court of Appeals for the Fourth Circuit.



subjected him to lockdowns, rations, and "very little assistance." (ECF No. 29.) He further appears to claim that all of these harms occurred due to an "intentional failure" on the part of unnamed individuals to address his underlying degenerative disc disease.[2] (Id.)

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel, 635 F.2d at 288 (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reissued in part by 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[3] A

---

[2] McClain filed this matter alleging a claim of deliberate indifference to his medical needs pursuant to 42 U.S.C. § 1983. Although his Complaint details a plethora of medical issues, one of McClain's primary allegations appears to be that his degenerative disc disease was not sufficiently treated. (See generally Am. Compl., ECF No. 45.)

[3] The portions of Real Truth that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.



plaintiff must make a clear showing that he is likely to succeed on the merits of his claim.  Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345-46.  Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief.  Winter, 555 U.S. at 20-23; Real Truth, 575 F.3d at 347.  Only then may the court consider whether the balance of equities tips in the plaintiff's favor.  See Real Truth, 575 F.3d at 346-47.[4]  Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction.  Real Truth, 575 F.3d at 347 (quoting Winter, 555 U.S. at 24).

As an initial matter, to the extent McClain is seeking relief against individuals who are not defendants in this matter, such relief is unavailable.  See Fed. R. Civ. P. 65(a). Furthermore, McClain has failed to establish that he is likely to succeed on the merits.  See Winter, 555 U.S. at 22. McClain's unsupported statements that, without the court's immediate intervention, his life will be "prematurely terminated" are likewise insufficient to clearly show irreparable harm absent injunctive relief.  (ECF No. 29 at 2); see Winter 555 U.S. at 20-23.  Accordingly, based on the record currently before the court, McClain has not satisfied the required elements and has failed to demonstrate that these circumstances warrant the extraordinary remedy he seeks.  Winter, 555 U.S. at 22 (stating that a mere possibility of harm is not sufficient to warrant injunctive relief).

---

[4] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm.  Real Truth, 575 F.3d at 347; Winter, 555 U.S. at 21-23.



## RECOMMENDATION

Accordingly, the court recommends that McClain's motion for a preliminary injunction (ECF

No. 29) be denied.

December 14, 2016                                    Paige J. Gossett
Columbia, South Carolina                             UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).