IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Mr. McClain, Pro Se Plaintiff, ) | |
| ) | Civil Action No. 0:15-4516-MBS-PJG |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Dir. Fate, et alia, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Daniel R. McClain ("Plaintiff"), an inmate in the custody of the South Carolina Department of Corrections (SCDC), filed this *pro se* suit alleging violations of his constitutional rights pursuant to 42 U.S.C. §1983. ECF No. 1 at 6-11; ECF No. 9 at 5. Plaintiff also filed a state law claim for medical malpractice. ECF No. 1 at 2. This matter is before the Court on Plaintiff's motion for preliminary injunctive relief, filed August 1, 2016. ECF No. 29.

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiff is incarcerated at Turbeville Correctional Institution in Turbeville, South Carolina. ECF No. 1 at 1. Defendant is the Medical Director of the SCDC. ECF No. 1 at 2. On November 6, 2015, Plaintiff filed the underlying suit alleging that at various times throughout his sixteen year duration in custody his "multiple illnesses have been abandoned by medical staff." ECF No. 1 at 6. Plaintiff alleges that he suffers from degenerative disc disease as previously diagnosed by SCDC for which Plaintiff has undergone an MRI. ECF No. 1 at 6. Plaintiff further alleges that he suffers from a variety of other illnesses that have not been treated because he is unable to ambulate without adequate pain medication. These additional illnesses include: diabetes, reflux disease, gall-bladder cramps, muscle seizures, vertigo, insomnia, fatigue, pain

1

and stress, and a blood clot in his left toe. *Id.* at 6-7. Plaintiff contends that these aliments go unanswered by the medical staff who he alleges "refuse [him] emergency treatment for his illnesses." *Id.* The court has construed Plaintiff's complaint to allege that Defendant violated Plaintiff's rights pursuant to the Eighth Amendment, which ensures humane conditions of confinement, including adequate medical care. Plaintiff seeks both punitive and compensatory damages for his pain, suffering, and inevitable future issues. ECF No. 1 at 11.

On August 1, 2016, Plaintiff filed a motion for immediate injunctive relief where he requests that the court intervene and direct S.L.E.D. and the F.B.I. to grant Plaintiff immediate relief from "unenforced state and federal statutes at SCDC." ECF No. 29. Specifically, Plaintiff claims that SCDC personnel deliberately ignore his medical needs and fail to provide him with adequate treatment. *Id*. Further, Plaintiff asserts that he is under continual harassment and abuse. He claims that he is deprived of adequate hydration and nutrition and that he has been forced to live in unsanitary quarters. *Id*. Plaintiff believes that SCDC officials and staff are "experimenting to test the physical and mental limits of the plaintiff" and are attempting to induce a stroke or heart attack through their assaults. ECF No. 29 at 1. Plaintiff argues that the aforementioned aliments exist as a result of the "intentional failure" to address the underlying cause of his degenerative disc by SCDC medical staff.[1]

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling. On December 14, 2016, Judge Gossett issued a Report and Recommendation ("Report") recommending that Plaintiff's motion for preliminary injunction be denied. ECF No. 89 at 4. Plaintiff filed

---

[1]Plaintiff filed this matter alleging a claim of deliberate indifference to his medical needs pursuant to 42 U.S.C. § 1983. While his complaint details a plethora of medical issues, Plaintiff's primary allegation appears to be that his degenerative disc disease was not sufficiently treated, and he continues to suffer as a result of that. *See generally* ECF No. 45.

objections to the Report on December 21, 2016, and on January 9, 2017, respectively. ECF No. 96, 112.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonia Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit to the Magistrate Judge for pretrial handling. 28 U.S.C. § 636(b)(1).

For the reasons set forth below, the court adopts Judge Gossett's Report and Recommendation. Plaintiff's motion for preliminary injunction is **DENIED**.

## II. DISCUSSION

The court may issue a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. A preliminary injunction serves a limited purpose and is granted to "preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Injunctive relief regarding the administration of a state prison should be granted only in compelling circumstances when only preliminary findings as to the likelihood of success on the merits has been made. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994).

A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Courts must balance competing claims of

injury while considering, in terms of each party, the effects of granting or withholding the relief. *Id.* To obtain a preliminary injunction, the plaintiff must show four elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm if the preliminary injunction is not granted; (3) the balance of equities is in his favor; and (4) the injunction is in the public interest. *See id.* at 20; *see also Machinery Solutions, Inc. v. Doosan Corp.*, No. 3:15-cv-03447, 2015 WL 5554357, at *2 (D.S.C. Sept. 18, 2015)(explaining that the Fourth Circuit no longer recognizes a "flexible interplay" among the four criteria in order to grant a preliminary injunction). Additionally, a plaintiff must make a clear showing that he is likely to suffer irreparable harm absent injunctive relief. *Id.* at 21. A plaintiff seeking a preliminary injunction must establish each of the elements to be granted relief. *Id.* at 20.

In the Report, Judge Gossett found that Plaintiff was seeking injunctive relief against parties who were not named in the action and recommended dismissal of such claims. ECF No. 89 at 3. *See* Fed. R. Civ. P. 65(a)(1). Judge Gossett further determined that Plaintiff failed to establish that he is able to meet the first prong of the *Winter* test that requires that he show a likelihood of success on the merits, and that Plaintiff failed to show that he would suffer irreparable harm if the injunctive relief is not granted. ECF No. 89 at 3. Judge Gossett noted that Plaintiff's allegations that, without the court's intervention, his life will be "prematurely terminated" are unsupported and insufficient to clearly show that Plaintiff will suffer irreparable harm absent injunctive relief. *See Winter,* 555 U.S. at 21.

Plaintiff's first objection merely restates the claims already alleged in the record and do not object to any specific error in the report. ECF No. 92. Therefore, the court is not bound to review the matter *de novo* as to that objection. *Taylor v. Tripp*, No 6:11-2598, 2011 WL

5526069 (D.S.C. Nov. 14, 2011) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982)).

Plaintiff's second objection describes matters, such as his allegation of mail fraud, not fully pleaded in the complaint and therefore have no weight on the instant action. ECF No. 112 at 1.  Plaintiff further objects to a Magistrate Judge handling pretrial matters. Yet, a court may allow a Magistrate Judge to hear and determine pre-trial matters before the court and a judge may review the Magistrate Judge's findings under the clear error standard.  28 U.S.C. § 636(b)(1)(A).  The court has reviewed the record *de novo* and found no clear error in Judge Gossett's findings.

### III.  CONCLUSION

After reviewing the entire record, the applicable law, the findings of the Magistrate Judge, and Plaintiff's objections, this court adopts the Magistrate Judge's Report and Recommendation as to the preliminary injunction. Plaintiff cannot show he is substantially likely to succeed on the merits or suffer irreparable harm if the injunction is not granted. Therefore, Plaintiff's motion for preliminary injunction is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 30, 2017