IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| DANIEL R. MCCLAIN, ) | |
| ) | C/A No. 0:15-cv-04516-MBS-PJG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| LEFFORD FATE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Daniel R. McClain ("Plaintiff"), an inmate in the custody of the South Carolina Department of Corrections (SCDC), filed this *pro se* suit alleging violations of his constitutional rights pursuant to 42 U.S.C. §1983. ECF No. 1 at 6-11; ECF No. 9 at 5. Plaintiff also filed a state law claim of medical malpractice. ECF No. 1 at 2. This matter is now before the court on Plaintiff's motion for relief from judgment or order, filed October 11, 2016. ECF No. 46.

## I. RELEVANT FACTUAL AND PROCEDURAL INFORMATION

Plaintiff is incarcerated at Turbeville Correctional Institution in Turbeville, South Carolina. ECF No. 1 at 1. Defendant Lefford Fate is the Medical Director of SCDC. ECF No. 1 at 2. On November 6, 2015, Plaintiff filed the underlying suit alleging that at various times throughout his sixteen year duration in custody his "multiple illnesses have been abandoned by medical staff." ECF No. 1 at 6. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling. On December 11, 2015, Judge Gossett issued a Report and Recommendation ("Report") recommending that Plaintiff's complaint be summarily dismissed without prejudice. ECF No. 9.

On January 14, 2016, this court issued an order adopting the Report and Recommendation of the Magistrate Judge, and dismissing the complaint without prejudice as to all Defendants except Defendant Fate. ECF No. 15. On October 11, 2016, Plaintiff filed a motion for relief from judgment or order. ECF No. 46.

## II. DISCUSSION

Plaintiff seeks relief from "this court's fraud" pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 46 at 1. Plaintiff cannot seek relief under Rule 60(b), however. The proper vehicle for requesting reconsideration of an interlocutory order is Federal Rule of Civil Procedure 54(b). *Orbcomm Inc. v. Calamp Corp.*, 215 F. Supp. 3d 499, 503 (E.D. Va. 2016) (citing *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991)). Rule 54(b) provides, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Interlocutory orders are subject to reconsideration by the issuing court any time prior to the entry of a final judgment. *Id.* (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003)). Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment under Rules 59(e) and 60(b). *Id.* (citing *Am. Canoe*, 326 F.3d at 514). Typically, courts do not depart from a previous ruling unless "'(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'" *Id.* (quoting *Am. Canoe*, 326 F.3d at 515).

Therefore, the court will construe Plaintiff's motion for relief as a motion pursuant to Fed. R. Civ. P. 54(b).

In his motion, Plaintiff "moves to toll the clock for the purpose of appeal to all previous judgments by this court[']s fraud in intrinsic manipulations, to be heard by the U.S. Court of Appeals." ECF No. 46 at 1. Plaintiff alleges that "by only holding one of many administrators accountable proves a lack of impartiality in light of the serious nature of this claim." *Id.* Plaintiff also details his general dissatisfaction with the court. Specifically, Plaintiff claims that "this court has repeatedly disregarded Federal Mail Fraud with evidence mounting at each filing and [has been] brought to the court's attention . . . several times." *Id.* at 1.

Plaintiff alleges deliberate indifference by the court and claims that this court intends to "avoid accountability by not responding to any of the plaintiff's re-submitted filings" despite Plaintiff's assertions that his filings are "emergency" filings due to his "life threatening and chronic illnesses." *Id.* Plaintiff also contends that he was denied assistance of counsel, which he contends "is clearly another intentional act to sabotage this meritorious claim while the judiciary is fully aware the plaintiff is bedridden, without any meaningful assistance with his health or legal affairs, and is being illegally oppressed. . . ." *Id.* at 3.

Plaintiff's contention that the court is attempting to sabotage his civil action is wholly without merit. Moreover, Plaintiff has failed to show that (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

## III. CONCLUSION

Plaintiff has failed to satisfy the court that any of the grounds for relief should compel the court to change its prior ruling. Plaintiff's motion for relief from judgment or order, ECF No. 46, is hereby **DENIED**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 29, 2017