# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| DANIEL R. MCCLAIN, | ) |
| Plaintiff, | ) Civil Action No.: 0:15-cv-04516-MBS |
| v. | ) **ORDER AND OPINION** |
| LEFFORD FATE, | ) |
| Defendant, | ) |

Plaintiff Daniel R. McClain ("Plaintiff"), an inmate in the custody of the South Carolina Department of Corrections (SCDC), filed this *pro se* suit alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1 at 6-11; ECF No. 9 at 5. Plaintiff also alleges a state law claim of medical malpractice. ECF No. 1 at 2. On March 23, 2017, Defendant Lefford Fate filed a motion for summary judgment, to which Plaintiff filed a response in opposition on April 19, 2017. ECF Nos. 154, 170. Plaintiff also moved for summary judgment, judgment on the pleadings, for default, and for preliminary injunction. (ECF Nos. 140, 141, 159, 187, 188, 190). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling. This matter is before the court on the Magistrate Judge's Report and Recommendation filed July 18, 2017. ECF No. 214.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is incarcerated at Turbeville Correctional Institution in Turbeville, South Carolina. ECF No. 1 at 1. Defendant is the former Director of Health Services of the SCDC. ECF No. 1 at 2. The Magistrate Judge summarized the relevant facts as follows:

> McClain alleges that that the medical staff has repeatedly refused him emergency treatment of his illnesses, has misdiagnosed his illness, has forced him to take psychiatric medications, has denied him prescribed medications and has accused him

of being a drug addict. However, McClain also appears to reference several instances of receiving medical care, specifically referring to having at least one surgery on his foot and toes and states that, as of the filing date of his initial Complaint, he has been prescribed over seventy different medications, and has been transferred to multiple infirmaries over the past six years. As to Defendant Fate—the South Carolina Department of Corrections ("SCDC") Director of Health Services, and the only defendant remaining in this matter—McClain alleges only that he informed Fate "on several occasions" of his illness, but that his complaints were ignored over the past sixteen years. McClain seeks monetary relief as well as medical treatment from a provider outside of SCDC to include additional MRIs and back surgery.

ECF No. 214 at 2-3.

In her Report and Recommendation, the Magistrate Judge found that Plaintiff had failed to provide evidence from which a reasonable jury could find deliberate indifference to his medical needs. The Magistrate Judge observed that the medical records provided by Defendant demonstrate that Plaintiff has received extensive medical care, including examinations, physical therapy, and dental care; was examined by specialists, including a neurosurgeon, on several occasions; and received multiple imaging tests, including MRIs and CT scans. It also appears that Plaintiff refused to take prescribed medications, and was noncompliance with medical care. Specifically, the Magistrate Judge observed: "The record indisputably shows that McClain had access to medical care on a continuous basis, was offered multiple medications on a daily basis (although McClain often chose not to take them), was routinely tested and monitored (barring McClain's refusal or uncooperative behavior), and was seen extensively by the medical department at Turbeville during the years prior to filing his Complaint." ECF No. 214 at 8.

The Magistrate Judge also determined that Plaintiff could not rest on a theory of respondeat superior because there were no facts to support that Defendant was (1) actually or constructively aware of a risk of constitutional injury and (2) was deliberately indifferent to that risk, and that (3) an affirmative causal link existed between Defendant and the § 1983 claims raised by Plaintiff. *See*

*Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted and that Plaintiff's dispositive motions should be denied. Plaintiff filed objections to the Report and Recommendation on August 4, 2017. ECF No. 218. Plaintiff also filed motions for issuance of a subpoena on August 22, 2017. ECF Nos. 221, 222.

## II. LEGAL STANDARDS

*A.     Motion for Summary Judgment*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

*B.     Magistrate Judge Review*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or

in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Plaintiff's objections consist of a litany of complaints about the Magistrate Judge and Plaintiff's belief that he has been denied an independent and objective review of his claims. Plaintiff contends that the Magistrate Judge's "court orders are biased and extremely, intentionally late and are arbitrarily arranged." ECF No. 218, 1. Plaintiff further makes arguments regarding the prison system as a whole and the lack of legitimate oversight "as the unwritten rule of consent by ascention of burocrats while advancing a totalitarian bond scheme used to usurp authority and oppress the accused and taxpayers alike." *Id.* at 3 (errors in original). Plaintiff contends that the Magistrate Judge's "repackaged assortment of superficial arguments are distorted with clear errors and are ambiguously shreaded by her scavenging carrion off my carcass. Her lack of integrity, much less neutrality should disbar her." *Id.*

Plaintiff articulates numerous facts that he contends support his argument that he has been denied medical care in contravention of his rights under the Eighth Amendment. However, as the Magistrate Judge determined, the record does not support a finding that Defendant exhibited a callous disregard to a serious medical need. As a sister court recently articulated:

> An Eighth Amendment claim based on denial of medical care has both objective and subjective components. To state such a claim, an incarcerated plaintiff must establish that, "objectively assessed, he had a sufficiently serious medical need to require medical treatment," and that the defendant prison official was "subjectively aware of the need and of its seriousness" but "nevertheless acted with deliberate indifference to it by declining to secure available medical attention." *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 104 (4th Cir. 1995). "Deliberate indifference" entails more than ordinary negligence or lack of due care for the prisoner's interests or safety; it instead requires that a prison official actually "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *De'Lonta [v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)], (stating that

4

deliberate indifference requires "that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm"). "Actual knowledge or awareness" on the part of prison staff is essential to an Eighth Amendment claim for denial of medical care, because prison officials who lacked knowledge of a medical risk cannot be said to have inflicted cruel and unusual punishment by withholding treatment. *Brice*, 58 F.3d at 105 (citing *Farmer*, 511 U.S. at 844).

*Sorrick v. Manning*, 2017 WL 3668755, *8 (D. Md. Aug. 22, 2017).

## IV. CONCLUSION

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendants' motion for summary judgment, ECF No. 154, is **GRANTED**. The following motions filed by Plaintiff are **DENIED**: ECF Nos. 93, 94, 103, 119, 125, 126, 137, 140, 141, 148, 153, 159, 170, 171, 187, 188, 190, 221, 222. The court declines to exercise jurisdiction over any state law claims asserted by Plaintiff.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 29, 2017