# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Daniel R. McClain, | ) |
| Plaintiff, | ) Civil Action No. 0:15-cv-04516-MBS |
| v. | ) |
| Lefford Fate, | ) **ORDER AND OPINION** |
| Defendant. | ) |

Plaintiff Daniel R. McClain ("Plaintiff"), an inmate in the custody of the South Carolina Department of Corrections (SCDC), filed this pro se suit alleging violations of his Constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1 at 6-11. Plaintiff also filed a state law claim of medical malpractice. ECF No. 1 at 2. This matter is now before the court on post-judgment pro se motions filed by Plaintiff. ECF Nos. 230, 234, 241, 246, 247, and 250.

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiff is incarcerated at Turbeville Correctional Institution in Turbeville, South Carolina. ECF No. 1 at 1. Defendant Lefford Fate is the Medical Director of SCDC. ECF No. 1 at 2. On November 6, 2015, Plaintiff filed the underlying suit alleging that at various times throughout his sixteen years in custody his "multiple illnesses have been abandoned by medical staff." Id. at 6. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On March 23, 2017, Defendant filed a motion for summary judgment. ECF No. 154. Following Defendant's motion, Plaintiff moved for summary judgment, for judgment on the pleadings, for default, and for a preliminary injunction. ECF Nos. 140, 141, 159, 187, 188, 190. The Magistrate Judge issued a

1

Report and Recommendation in which she recommended that the court grant Defendant's motion and deny Plaintiff's motions. ECF No. 214. The court adopted the Magistrate Judge's Report and Recommendation and granted Defendant's motion and denied Plaintiff's motions on August 30, 2017. ECF Nos. 226, 227 On September 14, 2017, Plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) and (4), alleging the court's ruling was fraudulent and void. ECF No. 230.

## II. DISCUSSION

A party may obtain relief from a final judgement when there is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60 (b)(3). In order to prevail on 60(b)(3) motion, the Court of Appeals for the Fourth Circuit has provided the following criteria: "(1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981). A court must "balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." Square Constr. Co., 657 F.2d at 71.

Further, a party can obtain relief from a judgment that is void. Fed. R. Civ. P. 60(b)(4). Courts will hold judgments void "only if the court rendering the decision lacked personal jurisdiction or acted in a manner inconsistent with due process of law." Eberhardt v. Integrated Design & Constr., Inc.,167 F.3d 861, 871 (4th Cir. 1999). Courts must construe Rule 60(b)(4) narrowly in order to preserve the finality of judgments, and in order to prevent litigants from using the Rule to "circumvent the appeal process." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir.

2005)(citing Kansas City S. Ry. Co. v. Great Lakes Carbon Corp., 624 F.2d 822, 825 n.5 (8th Cir. 1980)).

Plaintiff alleges that the court "has exposed [its] deliberate indifferences by a series of completely fraudulent rulings" and that the court committed "oversight" by adopting "the bogus Report and Recommendation." ECF No. 230 at 1, 4. Plaintiff further contends that the court is hostile towards him. Id. Plaintiff asserts that "there has been so much evidence provided circumstantially" and that the court "callously disregard[ed] the material evidence of violations." ECF No. 230-1 at 1, 3. Plaintiff contends that the court's denial of motions is in and of itself demonstrative of prejudice. ECF No. 234 at 9.

Plaintiff does not provide a meritorious defense, nor does Plaintiff demonstrate misconduct with clear and convincing evidence. Plaintiff cannot prove that misconduct prevented him from fully making his case. Plaintiff did not meet the standard for fraud. See Square Constr. Co., 657 F.2d at 71. Plaintiff has also not shown that the court lacked personal jurisdiction, nor has Plaintiff shown that the court acted in a manner inconsistent with due process of law. Eberhardt, 167 F.3d at 871. Consequently, the court does not find its judgment to be void. Plaintiff's motion is denied.

On October 27, 2017, Plaintiff filed a motion for a more definite statement. ECF No. 234. On December 1, 2017, Plaintiff filed a motion to compel. ECF No. 241. On January 26, 2018, Plaintiff filed motions to compel and for injunction order. ECF Nos. 246-247. Finally, on April 3, 2018, Plaintiff filed a motion for summary judgment. ECF No. 250. Because Plaintiff is not entitled to relief under Rule 60(b), the court denies these motions as moot.

## III. CONCLUSION

Plaintiff's motion for relief from judgment, ECF No. 230, is **DENIED**. Plaintiff's remaining motions, ECF Nos. 234, 241, 246, 247, 250, are **DENIED** as moot.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

Dated: September 18, 2018

Columbia, South Carolina